**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA,

        Respondant,

                                  Criminal Action No.  3:91-00189-09
v.                                  (Civil Action No.  3:98-0993)

RODNEY S. GOODSON,

        Movant.

## MEMORANDUM OPINION AND ORDER

Pending before this Court is *pro se* movant, Rodney Goodson's, motion to set aside judgment under Rule 60(b) (Doc. 145).  For the reasons explained below, this motion is **DENIED**.

## Background

On June 23, 1994, the movant, Rodney Goodson, was convicted by a jury of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  As a result of the conviction, he was later sentenced to concurrent terms of imprisonment of two hundred and thirty-five months.  The Fourth Circuit Court of Appeals affirmed his conviction and sentence and a petition for writ of certiorari was denied by the U.S. Supreme Court.

On October 9, 1998, Mr. Goodson filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2255.  On February 13, 2001, Magistrate Judge Taylor entered his Findings and Recommendations, recommending that the petition be denied.  The Court did not receive objections from either party and on March 5, 2001 entered an order accepting the recommendation and denying the petition.

On January 15, 2003, the Court received a motion from Mr. Goodson requesting relief from judgment on his habeas petition pursuant to rule 60(b) of the Federal Rules of Civil Procedure.  In that motion, Mr. Goodson argued that he was entitled to relief because of the fact that he was never served a copy of the Magistrate Judge's Findings and Recommendations, eliminating his ability to object, and further that he did not receive notification of the Judge's order on the matter until June 26, 2002.  District Court Judge Staker denied Goodson's 60(b) motion on April 11, 2003, explaining that the movant had not met the threshold requirements of Rule 60(b) – specifically that he had not made a timely filing nor demonstrated exceptional circumstances.  Additionally, Judge Staker noted that Mr. Goodson had failed to address the additional threshold requirements of prejudice to the opposing party and a meritorious defense.  On April 30, 2003, the Court received a motion from Mr. Goodson requesting reconsideration of judgment on the prior Rule 60(b) motion.  The Court denied this motion on June 19, 2003, explaining that the threshold requirements of Rule 60(b) still had not been met.

In the instant motion Mr. Goodson has again requested relief from judgment under Rule 60(b).  Again, much of his argument centers on the fact that he did not receive a copy of the Magistrate Judge's Findings and Recommendations in time to object, and did not receive notice of the district court's judgment on his *habeas* claim until well over a year after it was entered. Additionally, Goodson points to a motion he filed on November 2, 1998.  He filed this motion pursuant to Federal Rules of Evidence 201 and requested the Court take Judicial Notice of the transcripts of three prior proceedings.  He argues that each of these materials was relevant to his petition for writ of *habeas corpus.*

**Analysis**

Rule 60(b) grants a district court "the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." *Compton v. Alton S.S. Co., Inc.,* 608 F.2d 96, 101-02 (4ᵗʰ Cir. 1979) (internal citations omitted).  This is, however, an "extraordinary [remedy] and is only to be invoked upon a showing of exceptional circumstances." *Id.*  While considering whether to grant relief from judgment under rule 60(b) "courts must engage in the delicate balancing of the sanctity of final judgments" *Id.*

Rule 60(b) itemizes six grounds that may provide relief from judgment.  *See* Fed. R. Civ. P. 60(b).  In the Fourth Circuit, however, a court must determine that a movant has met four threshold factors before even considering the grounds for relief specifically enumerated in Rule 60(b).  *See Dowell v. State Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4ᵗʰ Cir. 1993).  These threshold factors include: 1) timeliness, 2) a meritorious defense, 3) a lack of unfair prejudice to the opposing party, and 4) exceptional circumstances.

To the extent that Mr. Goodson relies on arguments that he did not receive materials from the Court, Mr. Goodson is essentially reasserting his previous Rule 60(b) motion.  Although Mr. Goodon's present motion attempts to address the factors of a meritorious defense and unfair prejudice to the opposing party, the Court sees no reason to deviate from Judge Staker's prior opinion and ruling.  Judge Staker's reasoning that the motion was not timely made and did not involve exceptional circumstances is still sound.  Additionally, Judge Staker previously denied a request to reconsider the first Rule 60(b) motion.  The Court refuses to now take up this issue again.

Mr. Goodson's argument also fails insofar as it relies on the motion he filed in 1998, requesting the Court take judicial notice of prior proceedings.  Mr. Goodson has made numerous

3

filings since the Court's Order dismissing his petition for writ of *habeas corpus*. It was not, however, until the present motion – filed nearly four and one-half years after the closure of his case – that he raised an objection based on the unaddressed motion for judicial notice. Under these circumstances, the Court cannot consider this issue as having been timely raised. Consequently, the movant has failed to meet at least one of the four threshold factors required for a Rule 60(b) motion.

For the above state reasons, the movant's motion for relief from judgment under Rule 60(b) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:  December 21, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

4